IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Statesville Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **RADFORD QUARRIES, INC.** | ) | Case No. 19-50454 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION OF THE DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY
MOON WRIGHT & HOUSTON, PLLC AS BANKRUPTCY COUNSEL**

Radford Quarries, Inc. (the "Debtor"), by this motion (the "Motion"), hereby requests an order approving the retention of the law firm of Moon Wright & Houston, PLLC ("MWH") as bankruptcy counsel for the Debtor in this Chapter 11 case. In support of this Motion, the Debtor respectfully represents and states as follows:

**JURISDICTION**

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Sections 327(a) and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

**BACKGROUND**

2.  On July 26, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. The Debtor continues to be in possession of its properties and the management of its business as debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

**RELIEF REQUESTED**

3. By this Motion, the Debtor seeks the authority, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ MWH as bankruptcy counsel case to perform the legal services that will be necessary during the chapter 11 case.

4. The Debtor seeks to retain the firm of MWH as bankruptcy counsel because of MWH's extensive experience and knowledge in the field of debtors' and creditors' rights. Additionally, the Debtor submits that MWH's expertise in, experience in, and knowledge of practicing before this Court will be efficient and cost-effective for the Debtor's estate. Accordingly, the Debtor believes that MWH is both well-qualified and uniquely able to represent the estate as bankruptcy counsel in an efficient and timely manner.

5. Subject to Court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to MWH on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the firm. The principal attorneys and paralegals designated to represent the Debtors, and their agreed hourly rates, are:

   a. Richard S. Wright           $525.00 per hour

   b. Andrew T. Houston           $500.00 per hour

   c. Caleb Brown                 $280.00 per hour

   d. Cole Hayes                  $280.00 per hour

   e. Amy Murray (Paralegal)      $150.00 per hour

6. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

7. The hourly rates set forth above are MWH's standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate MWH for the work of its

attorneys and paralegals and to cover fixed and routine overhead expenses. It is MWH's policy to charge its clients in all areas of practice for all other expenses incurred in connection with each client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses. MWH will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to MWH's other clients. MWH believes that it is fair to charge these expenses to the clients incurring them rather than to increase its hourly rates and spread the expenses among all clients.

8. The professional services that MWH may render to the Debtor include, but shall not be limited to, the following:

   a. provide legal advice with respect to its powers and duties as debtors-in-possession in the continued operation of its business and management of its properties;

   b. negotiate, prepare, and pursue confirmation of a chapter 11 plan and approval of a disclosure statement, and all related reorganization agreements and/or documents;

   c. prepare on behalf of the Debtor necessary applications, motions, answers, orders, reports, and other legal papers;

   d. represent the Debtor in all adversary proceedings related to the base case;

   e. represent the Debtor in all litigation arising from or relating to causes of action owned by the estate or defending causes of action brought against the estate, in any forum;

   f. appear in Court to protect the interests of the Debtor; and

    g. perform all other legal services for the Debtor that may be necessary and proper in the chapter 11 proceeding.

9. To the best of the Debtor's knowledge, and except as otherwise disclosed in the annexed affidavit of Richard S. Wright (the "Wright Affidavit"), MWH does not hold or represent any interest adverse to the Debtor's estate, and MWH is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code. MWH's employment is necessary and in the best interests of the Debtor and its estate.

10. To the best of the Debtor's knowledge, other than disclosed herein and in the Wright Affidavit, MWH has not represented the Debtor's creditors, equity security holders, or any other parties in interest, or its respective attorneys, in any matter relating to the Debtors or its estate. However, MWH is conducting a continuing inquiry into any matters that would affect MWH's disinterested status. In the event additional disclosure is necessary, MWH shall file a supplemental affidavit setting forth any facts and circumstances relevant thereto.

**WHEREFORE**, the Debtor respectfully requests that the Court authorize the employment and retention of MWH as bankruptcy counsel for the Debtor in this Chapter 11 case and grant such other and further relief as is just and proper.

[Signature Page Follows]

Dated: Charlotte, North Carolina
August 22, 2019

**RADFORD QUARRIES, INC.**

By: _/s/ D.J. Cecile_
D.J. Cecile
Vice President

**MOON WRIGHT & HOUSTON, PLLC**

By: _/s/ Richard S. Wright_
Richard S. Wright (NC Bar No. 24622)
Cole Hayes (NC Bar No. 44443)
121 W. Trade Street, Suite 1950
Charlotte, North Carolina 28202
Telephone: (704) 944-6560
Facsimile: (704) 944-0380
rwright@mwhattorneys.com